UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James A. Spears, | ) | C/A No. 5:16-cv-00671-TMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

A federal prison inmate appearing pro se filed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual Background

James A. Spears ("Petitioner") is a federal prisoner, who is currently confined at FCI-Williamsburg, part of the Federal Bureau of Prisons ("BOP") system located in Salters, South Carolina. In the § 2241 Petition now under review, Petitioner asks this court to grant him injunctive relief against prison officials arising from alleged "harassment and retaliation" that he asserts he suffered in 2015 at the hands of BOP employees at his former place of confinement: FCI-Coleman in Florida. Pet. 8-12, ECF No. 1. Petitioner alleges that due to "criminal misconduct by staff," *id*. at 12, he was subjected to restrictive confinement resulting in lost privileges, that his use of the BOP grievance system was obstructed, and that he was transferred to a higher-security prison in retaliation for his filing one food-related grievance during his time

of confinement at FCI-Coleman *Id*. at 9. Petitioner asks this court to order an investigation into the facts of his claims and to order that several FCI-Coleman staff members' employment be terminated. *Id*. at 10-12.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States

District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III.    Discussion

The primary question presented by the Petition now under review is whether Petitioner's claims may be reviewed by this court as a habeas claim under 28 U.S.C. § 2241 or whether it should have been brought as constitutional-violation, conditions-of-confinement claims under the *Bivens* Doctrine.[1] The two remedies are distinct, and federal courts routinely consider whether a prisoner's claim falls under habeas review or under the more general federal civil-rights statute, 42 U.S.C. § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78–83 (2005) (reviewing 32 years of United States Supreme Court case law explaining which prisoner claims are appropriate for habeas review). In 1973, the United States Supreme Court decided that state prisoners cannot use a § 1983 action to challenge "the fact or duration" of their confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (overruled on other grounds by *Heck v. Humphrey*, 512 U.S. 477, 482 (1994)).[2] The Supreme Court has since clarified this principle to hold that, regardless of the relief sought or conduct challenged, the proper remedy lies in habeas corpus only if "success in [an]

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

[2] *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). Each of these Supreme Court opinions contain discussions about the distinctions between habeas actions and § 1983 actions.

action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82. The *Wilkinson* Court held that in challenges to prison procedures, "where success in the action *would not necessarily* spell immediate or speedier release for the prisoner," § 1983, not habeas corpus, is the appropriate remedy. *Id*. at 81 (emphasis in original); *see Muhammad v. Close*, 540 U.S. 749 (2004) (§ 1983 complaint is proper vehicle to challenge disciplinary convictions that did not result in loss of earned sentence credits). Thus, the determinative question for consideration in this report is whether success on Petitioner's grievance-obstruction and retaliation claims would "necessarily spell [his] immediate or speedier release." *Wilkinson*, 544 U.S. at 81; *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (federal court has an "independent obligation" to investigate the limits of its subject-matter jurisdiction); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because the relief requested would not affect the duration of Petitioner's prison sentence, this court does not have habeas corpus subject-matter jurisdiction to consider Petitioner's claims under § 2241. Even if the court granted Petitioner's requests for orders directing the BOP to investigate Petitioner's claims; to stop "harassment and retaliation" against Petitioner for his filing of a food-related grievance; and to terminate the employment of several prison employees at FCI-Coleman, the result would be that Petitioner would continue serving his un-altered prison sentence—albeit in the general population with all privileges restored. This result would have no effect on the length of the sentence under which Petitioner is incarcerated and he would not be released from BOP custody. As such, no plausible habeas corpus claim is stated. S*ee, e.g.*, *Bedenfield v. Lewisburg*, 393 F. App'x 32, 33 (3d Cir. 2010) (challenge to placement in special management unit is a conditions-of-confinement claim and not a habeas claim); *Dyson v. Ross*,

4

No. 1:10-cv382-DLB(HC), 2010 WL 3516358, at *3 (E.D. Cal. Sept. 2, 2010) (claim challenging placement in special management housing unit dismissed for lack of habeas jurisdiction); *Burnette v. Smith*, No. CIV S-08-2178 DAD P, 2009 WL 667199, at *1 (E.D. Cal. Mar. 13, 2009) (petitioner's confinement in segregated unit for security purposes and prison's refusal to transfer petitioner is not proper basis for a habeas action); *Nostratis v. Sugrue*, No. 1:09-CV-126 GSA HC, 2009 WL 462732 at *1 (E.D. Cal. Feb.23, 2009) (petitioner's claim that he should be transferred to another facility should not be raised in a habeas proceeding). *Cf. Gadsen v. Owen*, No. 2:11-03190-JFA-BHH, 2012 WL 3062658, at *5 (July 2, 2012) (recommending dismissal of § 2241 petition filed by federal prisoner seeking transfer out of current non-credit-earning classification; inability to earn credits is not the same as losing accrued credits; no liberty interest in earning credits in South Carolina), *report and recommendation adopted*, 2012 WL 3059620 (D.S.C. July 26, 2012).

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

April 25, 2016                                              Kaymani D. West
Florence, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).