IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

James A. Spears,                                )
                                               )        C/A No. 5:16-671-TMC
                    Petitioner,                )
                                               )
          v.                                   )        **OPINION & ORDER**
                                               )
Warden FCI Williamsburg,                       )
                                               )
                    Respondent.                )
                                               )

This matter is before the court on Petitioner's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.  On April 25, 2016, Magistrate Judge Kaymani D. West filed a Report and Recommendation ('Report"), recommending Petitioner's Petition be dismissed without prejudice.  (ECF No. 17).  Petitioner timely filed objections to the Report on May 11, 2016.  (ECF No. 22).

The Magistrate Judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects.  *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge.  *Id*.

Before the court addresses the merits of Petitioner's objections, the court must address the profanity and abusive language contained in his objections. While Petitioner may be frustrated, this is no excuse for malicious and abusive comments, and the court will not tolerate them. "Due to the very nature of the court as an institution, it must and does have an inherent power to impose

order, respect, decorum, silence, and compliance with lawful mandates.  This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers."  *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993).  Although recognizing the leniency typically accorded to pro se parties, " '[t]his court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge.' "  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (citing *Theriault v. Silber*, 579 F.2d 302, 303(5th Cir. 1978)).

> Rule 11 of the Federal Rules of Civil Procedure provides that
>
> [b]y presenting to the court a pleading, written motion, or other paper . . . an unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that] it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Fed.R.Civ.P. 11(b).  The court considers the profanity and abusive language used by Petitioner in his Objections to be harassment and sanctionable under Rule 11.  In order to impose sanctions sua sponte under Rule11, a party must be given notice that sanctions are being considered. Fed.R.Civ.P. 11(c)(1)(B).  Sanctions can include striking the offensive pleadings or motions or dismissing the action.  *See Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (holding that "[i]f the complaint or other pleadings are abusive or contain offensive language, they may be stricken sua sponte under the inherent powers of the court.") (citing Fed.R.Civ.P. 12(f)).  *See also* Fed.R.Civ.P. 41(b).  Accordingly, Petitioner is advised that Rule 11 sanctions will be considered in the future any time he submits correspondence or pleadings containing offensive, abusive, and/or threatening language.

In her Report, the magistrate judge reviewed the petition and claims brought therein and determined that Petitioner did not allege any plausible habeas claim because the relief requested

would not affect the duration of his sentence. (Report at 4).  She recommends that the court

dismiss the habeas petition without prejudice.  In his objections, Petitioner contends that he did

not intend to file a habeas petition seeking a change in his sentence.  (Objections at 1).  He

contends that he filed a § 2241 habeas petition seeking relief for retaliation and harassment by

prison officials.  *Id.*

A § 2241 habeas motion is used to attack the manner in which a sentence is executed. *See*

28 U.S.C. § 2241.  In a § 2241 petition, the petitioner is challenging "the fact or duration of his

physical confinement," or "seeking immediate release or speedier release from that confinement."

*Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).  On the other hand, issues raising the conditions

of confinement should be brought pursuant to *Bivens v. Six Unknown Named Agenst of Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971).

The court notes that Petitioner used the habeas form in filing this action and referred to

this as a habeas action in his filings with the court. (ECF Nos. 1 and 5, and Objections at 1).

However, Petitioner's § 2241 petition presents a challenge to the conditions, rather than the fact

or duration, of his confinement.  Clearly, Petitioner's claims are not proper in a habeas action and

should be alleged in a *Bivens* action - as the magistrate judge notes in her Report.  (Report at 3-4).

Indeed, Petitioner does not challenge this conclusion in his objections to the Report.  He does,

however, object to the dismissal of this action. After review, rather than dismiss the action as

recommended by the magistrate judge, the court finds that Petitioner should be given the

opportunity to bring his claims in a *Bivens* action.  This would require Petitioner to submit his

claims on the proper forms and with the appropriate filing fee.[1]  Therefore, the court recommits

this matter to the magistrate judge for further handling consistent with this order.

---

[1]Petitioner should be given credit for the $5.00 filing fee he has already paid.

## Conclusion

Based on the foregoing, the court adopts in part and declines to adopt in part the Report (ECF No. 17), and recommits  the matter to the Magistrate Judge for further handling.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
May 20, 2016